IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DWIGHT NICHOLS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | CASE NO. 4:12-CV-052-CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| GREGORY MCLAUGHLIN, | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 8.) Petitioner was notified of the filing of Respondent's Motion to Dismiss on May 11, 2012, (ECF No. 9) and filed a response to the motion on May 24, 2012. (ECF No. 10.) For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely. Because this action should be dismissed, Petitioner's pending Motion for a Hearing (ECF No. 3) and Motion to Appoint Counsel (ECF No. 3) should be denied as moot.

**BACKGROUND**

On October 2, 2003, in the Superior Court of Muscogee County, Petitioner Dwight Nichols was found guilty of murder, felony murder, and aggravated assault.[1] (Pet. for

---

[1] Petitioner's dates and convicted crimes as stated in Petitioner's application for habeas relief differ slightly from Respondent's contentions in his Motion to Dismiss. Since this is on a motion to dismiss and these facts are not dispositive of the timeliness issue, the Court takes Petitioner's

Writ of Habeas Corpus 1, ECF No 1.)  Petitioner was sentenced to life in prison.  (Pet. for Writ of Habeas Corpus 1.)  On November 18, 2004, a corrected final disposition was filed in Petitioner's case to reflect that Petitioner was sentenced to life without parole for felony murder, but was acquitted on his malice murder charge.  (Resp't's Ex. 11 at 119, ECF No. 13-1 at 70.)  Petitioner filed a motion for new trial, after which on November 18, 2005, his sentence was changed to life for felony murder.  (Resp't's Ex. 11 at 121, ECF No. 13-2 at 1.)  Petitioner's sentence was affirmed by the Georgia Supreme Court on January 8, 2007.  *Nichols v. State*, 281 Ga. 483, 487, 640 S.E.2d 40, 43 (2007).  Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

On August 14, 2007, Petitioner moved for state habeas relief in the Gwinnett County Superior Court.  (Resp't's Ex. 1 at 6, ECF No. 12-1.)  This application for habeas relief was voluntarily dismissed on March 19, 2008.  (Resp't's Ex. 2, ECF No. 12-2.)  Petitioner then filed a second state petition for a writ of habeas corpus on July 6, 2008,[2]

---

statements as true.  (*See* Br. in Supp. of Mot. to Dismiss 1, ECF No. 8-1.)

[2]     Petitioner signed his second state application for habeas relief on July 6, 2008, and had it notarized on July 14, 2008.  He did not receive a certified copy of his prison trust account statement until September 18, 2008, and the petition for habeas relief was not filed in the Gwinnett County Superior Court until December 1, 2008.  There is not an explanation for this delay in the record.
      "Under the 'prison mailbox rule,' a *pro se* prisoner's court filings are considered filed on the date they are delivered to prison authorities to be mailed." *United States v. Carter*, 411 F. App'x 242, 243 (11th Cir. 2011).  "Absent evidence to the contrary, there is a presumption that a prisoner delivered his pleadings to prison officials on the day he signed it."  *Id.* (internal quotation marks and citation omitted).  Since Petitioner signed his application on July 6, 2008, the Court assumes that the application was filed on that date.  The Court recognizes that it is likely given the later dates in Petitioner's filings that the application was filed at a later date, but even using the July 6, 2008, date, Petitioner's federal application for habeas relief is untimely.

in Gwinnett County, which was later transferred to Macon County. (Resp't's Ex. 2, ECF No. 12-2.) An amendment to the second state petition was filed on February 25, 2009, and the petition was denied on August 10, 2010. (Resp't's Exs. 4, 5.) Petitioner filed an application for probable cause to appeal with the Georgia Supreme Court which was dismissed on May 16, 2011. (Resp't's Ex. 6-7, ECF No. 12-6, 12-7.)

On August 24, 2011, Petitioner filed a third state petition for habeas relief. (Resp't's Ex. 8, ECF No. 12-8.) That petition is still pending. Petitioner then filed this federal application for habeas relief on February 16, 2012. (Pet. for Writ of Habeas Corpus 20.)

## DISCUSSION

### I. The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

**II. Petitioner's Application is outside the AEDPA one-year limitations period.**

  Here, the limitations period has expired and Petitioner's petition is untimely.  Petitioner was found guilty and sentenced to life in prison on October 2, 2003.  (Pet. for Writ of Habeas Corpus 1.)  After a motion for new trial, Petitioner's sentence was corrected on November 18, 2005.  (Resp't's Ex. 11 at 121.)  Petitioner then filed an appeal.  On January 8, 2007, the Supreme Court of Georgia affirmed his conviction and sentence.  *Nichols v. State*, 281 Ga. 483, 487, 640 S.E.2d 40, 43 (2007).  Petitioner thereafter had 90 days within which to file a petition for certiorari to the United States Supreme Court.  Sup. Ct. R. 13.  Since Petitioner did not file a petition for certiorari, his judgment became final on April 9, 2007.  *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such

review").

Petitioner's first state habeas corpus petition was filed on August 14, 2007, and was voluntarily dismissed on March 19, 2008. (Resp't's Exs. 1 at 6, 2.) At the time he filed his first state habeas action, 127 days had lapsed in his one-year AEDPA limitations period. 28 U.S.C. § 2244(d)(2). The limitations period was then tolled until March 19, 2008, when it began to run again. *See Stafford v. Thompson*, 328 F.3d 1302, 1304-05 (11th Cir. 2003) (finding that the AEDPA limitations period is not tolled between the time that a first state habeas petition is voluntarily dismissed and the filing of a second state habeas petition). It was then stopped when he filed a second state application for habeas relief one hundred and nine days later, on July 6, 2008. (Resp't's Ex. 2.) At that point, Petitioner had used a total of 236 days of the one-year limitations period.

Petitioner's second state habeas petition was denied on August 10, 2010. (Resp't's Ex. 5.) Petitioner had thirty days from August 10 within which to file an application for a certificate of probable cause with the Georgia Supreme Court. O.C.G.A. § 9-14-52(b). Petitioner waited until September 23, 2010, to file his application for a certificate of probable cause, which was dismissed by the Georgia Supreme Court as untimely on May 16, 2011. (Resp't's Ex. 7.) Because Petitioner's application for a certificate of probable cause was not timely filed, the time the Georgia Supreme Court spent considering it does not toll the AEDPA limitations period. *See Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) ("[A] state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the

petitioner's *timely* filing of a petition for review at the next level.") (emphasis in original); *see also Stafford*, 328 F.3d at 1305. Petitioner's one-year limitations period thus began running again on September 10, 2010.

As of September 10, 2010, Petitioner had 129 remaining days in his one-year AEDPA limitations period. That time expired on January 17, 2011.[3] Petitioner did not file this federal application for habeas relief until February 16, 2012, more than one year after the limitations period expired. This federal petition, filed over one year after the expiration of the limitations period, fails to invoke the jurisdiction of this Court. Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

## III.    Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it

---

[3] The Court notes that even if Petitioner's third state habeas petition is not dismissed as successive at the state level, it was filed over seven months after the expiration of the AEDPA statute of limitations, and does not toll the statute of limitations for the federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled").

debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss (ECF No. 8) should be GRANTED and Petitioner's action should be dismissed as untimely. Petitioner's Motion for a Hearing (ECF No. 3) and Motion to Appoint Counsel (ECF No. 3) should be denied as moot. Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 21st day of June, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE